IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GEORGE R. SPRY,**

                **Plaintiff,**

     v.                                CASE NO. 11-3190-SAC

**COLETTE WINKELBAUER,**

                **Defendant.**

MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

*Motion to proceed in forma pauperis*

This motion is governed by 28 U.S.C. § 1915(b). Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposit or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the financial records submitted by the plaintiff, the court finds the average monthly deposit to his account is $10.50, and the average monthly balance is $0.22. The court therefore assesses an initial partial filing fee of $2.00, twenty percent of the average monthly deposit, rounded to the lower

half dollar.[1]

*Motion for change of judge*

The court liberally construes this pleading as a motion for recusal. Plaintiff's request is grounded on adverse rulings by this court in an earlier civil action filed by the plaintiff, and he contends that this court has held his pro se pleadings to a higher standard than is appropriate.

Plaintiff's motion is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 establishes the procedure to be used by a party seeking the recusal of a judge based upon personal bias or prejudice either against the moving party or in favor of an opposing party. Under this section, the moving party must submit a timely and sufficient affidavit concerning the allegations of personal bias and prejudice. "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). The movant bears a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir. 1992).

Under § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard for this decision "is whether a reasonable person, knowing all the relevant facts, would harbor doubts about

---

[1] Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

2

the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colorado,* 289 F.3d 648, 659 (10th Cir. 2002)(citation omitted). The recusal statutes "must not be so broadly construed that [they] become[ ], in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Hines,* 696 F.2d 722, 729 (10th Cir. 1982); *see Bryce,* 289 F.3d at 659. *See also Hinman,* 831 F.2d at 939)("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.").

As noted, the plaintiff's motion rests almost entirely on the fact that the court made rulings adverse to him in another action. This argument is not persuasive. *See Liteky v. United States*, 510 U.S. 540, 555 (1994)("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") Plaintiff has failed to come forward with any specific claim that would support a reasonable belief in the court's inability to fairly determine his claims. The court will deny the motion.

*Screening*

Because plaintiff is a prisoner seeking relief against a government employee, the court must screen his complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §1915A(a). Incident to this screening, the court must dismiss a complaint, or any part of it, that presents a claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915A(b).

Petitioner claims he was denied his constitutional right of access to the courts by the denial of his requests for indigent legal copies.

The First Amendment protects the right "to petition the Government for a redress of grievances." *U.S. Const. amend. I*. The United States Supreme Court has held that a prisoner must be given "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996)(quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).

The Constitution does not establish "an abstract, freestanding right to a law library or legal assistance," but rather a "right of access to the courts." *Lewis v. Casey*, 518 U.S. at 350-51. To state a constitutional claim for relief, a prisoner must allege facts showing both a denial of legal resources and that the denial of those resources hindered his efforts to pursue a nonfrivolous legal claim. *Penrod v. Zavaras,* 94 F.3d 1399, 1403 (10th Cir.1996)(*citing Lewis,* 518 U.S. at 350). In short, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir.1996).

Plaintiff raises two claims concerning the denial of access to the courts: first, he complains the defendant denied him indigent legal copies between June 2011 and September 2011 for filings in Case No. 11-3057-SAC; second, he complains the defendant denied him indigent copies in September and October 2011 for use in a state

4

court habeas corpus filing.

*Case No. 11-3057*

In Case No. 11-3057, plaintiff sought relief in this court for the denial of access to the prison law library, denial of the filing of a formal complaint against a correctional officer, and violations of state rules and regulations. This court dismissed the matter, finding first, that plaintiff was aware of the facts underlying his challenge to the disciplinary action and of the legal remedy available under state law and had adequate information to pursue his legal claims. Next, the court rejected plaintiff's claim concerning his alleged inability to pursue a formal complaint against a prison officer, finding that he had no protected liberty interest at stake in that procedure. Finally, the court rejected plaintiff's claim concerning alleged failures to comply with state regulations in disciplinary proceedings because it did not state a claim for relief under § 1983.

The Tenth Circuit Court of Appeals affirmed the dismissal of Case No. 11-3057. *Spry v. McKune*, 2012 WL 2308711 (10th Cir. June 19, 2012).

The court has considered the record in Case No. 11-3057 and can find no arguable merit in plaintiff's claim that the denial of legal copies resulted in a violation of his right of access to the courts. Plaintiff had the opportunity to present his legal claims and has made no specific assertion that warrants additional review.

*Action under 60-1501*

Plaintiff also asserts a denial of legal copies and delays in

legal mail impaired his access to the courts and his ability to file a state action under K.S.A. 60-1501 within the statutory deadline. Plaintiff cites copy requests he made in September and October 2011.

First, the court notes plaintiff was able to submit some material to the Leavenworth County District Court. On September 9, 2011, a deputy clerk wrote to plaintiff, returning the paperwork he submitted with a Civil Information Sheet to be completed and returned. (Doc. 6, p. 4.) According to a grievance response dated September 14, 2011, mail was sent to the Shawnee County Courthouse on August 24, 2011, and to the Leavenworth District Court on September 2 and 7, 2011. (*Id.*, p. 5.)

Next, a review of supplemental documents plaintiff submitted in this matter shows his credit for copying fees was suspended by the warden in a memorandum signed on September 6, 2011 (Doc. 3, p. 35.) That document reflects that plaintiff had amassed an institutional debt in excess of $400.00 for legal postage and copying fees.

On September 7 and 8, 2011, plaintiff filed administrative requests for legal copies. The response to the request of September 8 advised plaintiff that he could prepare handwritten copies or send out originals to family or friends to have copies prepared. (*Id.*, pp. 7-11.)

On September 20, 2011, he filed another request seeking copies to file an action and stating that he had thirty days to file an action under K.S.A. 60-1501. (*Id.*, p. 17.) In response, the defendant advised plaintiff to explain the nature of the grievance. He replied that the grievance involved a parole hearing and the

6

continuing violation of another grievance. The request for 32 pages of legal copies and a second request for legal postage were denied. (*Id.*, pp. 18-21.)

On October 7, 2011, plaintiff filed a request for 52 copies to proceed in the action under K.S.A. 60-1501. He explained that he needed to make the copies and get the motion to the court before October 17, 2011. (Id., p. 28-29.)

In a memorandum dated October 13, 2011, the defendant stated that the request for copies was denied based upon the amount that plaintiff owed. She explained that pursuant to facility policy, the upper limit of copy fees for indigent inmates is $50.00 and also explained that plaintiff could prepare handwritten documents for the courts, and that he had received a copy of the grievance he referred to in his request.[2] Finally, the defendant advised plaintiff that he should increase his efforts to seek employment in the facility to reduce the debt owed and she would contact his unit manager to assist him in that effort. (*Id.*, p. 23.)

Having considered these facts, the court finds plaintiff states no claim for a denial of access to the courts. The record shows plaintiff was able to submit papers to the state district court, and

---

[2]

In a grievance response, the Warden advised the plaintiff as follows: "I.M.P.P. 12-127 provides that up to $50 in credit will be extended to an indigent inmate for legal postage and copies, with additional credit granted at the discretion of the Warden or Warden's Designee with good cause. Broad latitude has been given to you in this regard; however, you now owe more than eight times the $50 limit. As such, you may utilize the postage-paid envelopes contained within your indigent packs to send your letters." (Doc. 6, p.14.)

there is no suggestion that that court would not accept handwritten copies. Plaintiff was advised of alternatives to photocopies prepared in the institution, and it is apparent that the denial of legal copies came only after plaintiff had been afforded hundreds of dollars in credit for copying and postage.

The court concludes that while the denial of legal copies surely inconvenienced the plaintiff, he has not demonstrated that the denial itself caused him an actual injury in his pursuit of a state court remedy.

*Legal mail*

Plaintiff also claims that his legal mail has been delayed. He alleges the defendant failed to mail legal mail on July 25, 2011; August 10, 2011; and August 22, 2011; and failed or refused to return such mail to the plaintiff. He also asserts that on June 20, 2012, two items of legal mail were turned in but only one was mailed on that day; the other was mailed several days later.

It appears that the June letters were both mailed on June 28, 2011, and that one of those letters was addressed to the Salvation Army in Alexandria, Virginia. (Doc. 6, p. 10.)

While the materials submitted by the plaintiff do not account for all of these items of mail, his allegations, likewise, do not identify any actual injury caused by the processing of the mail. It appears that the defendant and other staff monitored plaintiff's mail, and it also appears that plaintiff continued to receive some envelopes and postage based upon his indigent status. These facts, liberally construed, do not suggest any undue interference with

8

plaintiff's protected rights or any actual injury.

Finally, while plaintiff broadly alleges that the interference with his legal mail was based upon a retaliatory motive, he offers no factual support for that assertion.

For a plaintiff asserting a claim for First Amendment retaliation, "it is imperative that [the] pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; [the] plaintiff[] must, rather, allege specific facts showing retaliation because of the exercise of the [plaintiff's] constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

*Notice and Order to Show Cause*

For the reasons set forth, the court is considering the summary dismissal of this matter for failure to state a claim for relief. Plaintiff is directed to show cause why such a dismissal should not be entered.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before September 6, 2012, plaintiff shall submit an initial partial filing fee of $2.00. Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED plaintiff's motion for change of judge (Doc. 4) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including September 6, 2012, to show cause why this matter should not be dismissed for the reasons set forth in this order. The failure to file a timely response may result in the dismissal of this matter

without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED: This 6th day of August, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge